IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DORSEY DEAN ADAMS,**

                             Plaintiff,

                                                            CIVIL ACTION
          vs.                                               No. 03-3444-SAC

**BAC, INC., et al.,**

                             Defendants.

### ORDER

    Plaintiff proceeds pro se and in forma pauperis on a civil complaint filed while plaintiff was a prisoner incarcerated in Lansing Correctional Facility (LCF) in Lansing, Kansas. Plaintiff seeks damages on claims related to his work assignment in BAC, Inc. (BAC), a prison industry located within LCF, and to the handling of a prison grievance plaintiff filed alleging favoritism and age discrimination by BAC. The defendants named in the complaint are BAC, BAC owner Bob Adrian, BAC supervisor Loren Bradley, Jr., and LCF warden David McKune.

    By an order dated July 8, 2004, the court directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief because plaintiff's claim for damages stated no claim for relief under Title VII and the Age Discrimination in Employment Act (ADEA) stated no claim for relief. See Williams v. Meese, 926 F.2d 994, 997 (10th Cir. 1991)(inmate not an employee under Title VII or ADEA because work relationship with Bureau of Prison arises out of status as

inmate, not as employee).

In response plaintiff argues <u>Williams</u> does not apply in light of <u>Keeling v. Schaefer</u>, 181 F.Supp.2d 1206 (D.Kan. 2001), wherein the court found employees of Impact Design, a prison industry using prison labor for embroidery products, were not persons acting "under color of state law" for the purpose of incurring liability under 42 U.S.C. 1983. While plaintiff correctly notes there is little case law addressing the application of Title VII or ADEA to private industries employing prison laborers, the court rejects plaintiff's attempt to use the "state action" analysis in <u>Keeling</u> to undermine the clear holding in <u>Williams</u> which is based on employment pursuant to a person's status as an inmate.

In the order dated July 8, 2004, the court also directed plaintiff to show cause why all claims against individual BAC defendants and the LCF warden regarding the handling of plaintiff's prison grievance and administrative appeal should not be dismissed as stating no claim for relief. Plaintiff's response does not address the reasons identified by the court for the summary dismissal of these defendants.

Accordingly, for the reasons stated herein and in the order entered on July 8, 2004, the court concludes the complaint should be dismissed as stating no claim for relief. 28 U.S.C. 1915(e)(2)(B)(ii). Plaintiff's motion for service of the complaint (Doc. 15) and motion to disqualify Senior District Court Judge Van Bebber or for the transfer of this matter to

another judge (Doc. 12) are denied as moot.[1]

IT IS, THEREFORE, BY THE COURT ORDERED that the complaint is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion for disqualification or transfer (Doc. 12) and motion for service (Doc. 15) are denied as moot.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 14th day of June 2005 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[1] This matter was transferred to the undersigned judge following the death of Judge VanBebber.